# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0274-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

KAVON A. COLEMAN,
a/k/a KAVON A.
POWELL-COLEMAN,

     Defendant-Appellant.

_____

Submitted October 23, 2019 - Decided November 1, 2019

Before Judges Gooden Brown and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 07-10-1753.

Joseph E. Krakora, Public Defender, attorney for appellant (Dianne Glenn, Designated Counsel, on the brief).

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel Marzarella, Chief Appellate Attorney, of counsel; Cheryl L. Hammel, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Kavon A. Powell-Coleman appeals from a June 12, 2018 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm for the reasons expressed in the thorough and well-written opinion of Judge Guy P. Ryan.

In 2007, an Ocean County grand jury indicted defendant of: second-degree sexual assault, N.J.S.A. 2C:14-2(c)(1), count one; third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a), counts two and four; and fourth-degree sexual contact, N.J.S.A. 2C:14-3(b), count three. On May 5, 2009, defendant entered into a plea agreement and pled guilty to count two in exchange for the dismissal of the remaining charges. On September 11, 2009, the court sentenced defendant in accordance with the plea agreement to 491 days of incarceration, which was the time he served in the Ocean County jail, parole supervision for life (PSL), and Megan's Law registration,[1] and required defendant to pay penalties and fines, and provide DNA samples.

Defendant did not appeal from his conviction or seek to retract his guilty plea. Instead, in August 2017, nearly eight years later, he filed a PCR petition. He argued there was excusable neglect for filing his petition out of time, namely,

---

[1] N.J.S.A. 2C:7-1 to -23.

A-0274-18T4

neither the court, nor his counsel, advised him of the five-year time limitation for PCR petitions. Additionally, he claimed his trial and plea counsel were ineffective because they failed to explain his plea subjected him to PSL and forced him to enter into the plea instead of proceeding to trial. He argued the court should address the merits of his petition and not deny it on grounds of time or procedural bars.

Following oral argument, Judge Ryan issued a detailed, twenty-five page decision denying the petition. The judge found the petition was time barred because it was filed beyond the five-year time limitation set forth in Rule 3:22-12(a)(1). He determined defendant failed to demonstrate excusable neglect as a general matter. The judge also rejected defendant's claim his lack of knowledge of the time limitation was excusable neglect because "at the time of the plea and sentence in this matter [Rule 3:21-4(h)] did not require advisement of the five-year time frame for filing a PCR [petition]." The judge found defendant's petition was procedurally barred pursuant to Rule 3:22-4 because he could have raised the claims related to the voluntary nature of his plea on direct appeal.

The judge found even if the petition was timely and not procedurally barred, an evidentiary hearing was not warranted because defendant failed to establish a prima facie case of ineffective assistance of counsel. Reviewing the

record of defendant's plea and sentencing proceedings, the judge stated defendant's "bald assertion he was 'coerced' to enter into the plea agreement is completely unsupported by the record." The judge referred to defendant's plea testimony where he advised the court he had enough time to contemplate the plea, meet with his counsel who answered his questions, and was satisfied with his counsel's representation. The judge made similar findings based on his review of the sentencing transcript.

Judge Ryan also concluded "[t]he record demonstrates [defendant] was repeatedly advised he was subject to PSL. No colorable argument has been made that [defendant] was unaware of this requirement." The judge concluded defendant's "counsel were very effective in securing a favorable result for [him]." The judge found no credible basis to support defendant's claim he wanted to proceed to trial. As the judge noted, on the day of defendant's plea, the State was prepared to proceed with its case and

> [t]he victim was present in the courtroom. . . . [I]n his PCR petition, defendant [asserts] that he was planning to testify that the contact was consensual. Thus, [defendant] would have implicated himself and admitted his sexual contact with a [fifteen-]year-old girl, hardly a sure win at trial for [defendant].

The judge concluded defendant failed to establish a prima facie case for ineffective assistance of counsel to warrant an evidentiary hearing.

A-0274-18T4

On appeal, defendant raises the following points:

POINT I – THE PCR COURT ERRED IN DETERMINING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WAS TIME-BARRED AS EXCUSABLE NEGLECT OR EXCEPTIONAL CIRCUMSTANCE WAS APPLICABLE PURSUANT TO [RULE] 3:22-12(a)(1) BECAUSE NEITHER THE COURT NOR TRIAL COUNSEL INFORMED THE DEFENDANT OF THE FIVE-YEAR TIME LIMIT.

POINT II – THE PCR COURT ERRED IN DETERMINING DEFENDANT'S PETITION WAS PROCEDURALLY-BARRED SINCE HE DID NOT RAISE AN INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM ON DIRECT APPEAL.

POINT III – THE PCR COURT ERRED IN DETERMINING THE DEFENDANT DID NOT ESTABLISH A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL.

I.

"Our standard of review is necessarily deferential to a PCR court's factual findings based on its review of live witness testimony.  In such circumstances we will uphold the PCR court's findings that are supported by sufficient credible evidence in the record."  State v. Nash, 212 N.J. 518, 540 (2013).  However, "where . . . no evidentiary hearing was conducted, we may review the factual inferences the court has drawn from the documentary record de novo."  State v.

A-0274-18T4

Blake 444 N.J. Super. 285, 294 (App. Div. 2016) (citing State v. Harris, 181 N.J. 391, 420-21 (2004)).

After reviewing the record in light of the applicable legal standards, we conclude defendant's arguments are uniformly without merit, and we affirm substantially for the reasons stated in Judge Ryan's written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0274-18T4